**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **TERRY JACKET,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **CIVIL ACTION FILE** |
| | ) | **NO.** |
| **O'REILLY AUTOMOTIVE** | ) | |
| **STORES, INC.,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Terry Jacket (hereinafter "Plaintiff") and files her

Complaint as follows:

## INTRODUCTION

1.

This is a case arising out of Defendant's employment discrimination and

retaliation against Plaintiff in violation of Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff's claims present federal questions over which the Court has

jurisdiction pursuant to 28 U.S.C. § 1331, § 1343(a), and 42 U.S.C. § 2000e-

5(f)(3).

3.

Venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3) and pursuant to 28 U.S.C. § 1391(b) and (c), as every act of which Plaintiff complains occurred in the Atlanta Division of the United States District Court for the Northern District of Georgia.

4.

Plaintiff is a resident of the State of Georgia and submits herself to the jurisdiction of this Court.

5.

Defendant O'Reilly Automotive Stores, Inc. (hereinafter "O'Reilly") is a foreign corporation registered to conduct business in the State of Georgia at all times relevant to the allegations in this Complaint, and may be served with process upon its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

6.

At all times relevant to this Complaint, Defendant O'Reilly employed 15 or more employees for each working day in at least 20 or more calendar weeks, including Plaintiff.

7.

Plaintiff satisfied all conditions precedent to filing this action, including filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and receiving a Notice of Right to Sue within ninety (90) days of the filing of this civil action.

**FACTUAL ALLEGATIONS**

8.

Plaintiff began working for Defendant on or around November 29, 2007 as a parts specialist.

9.

Zach Fondren was Defendant's store manager at O'Reilly Auto Parts Store located at 75 West May Street, Winder, Georgia 30680.

10.

Plaintiff was a non-management employee of Defendant's and was subordinate to Zach Fondren.

11.

Beginning in or around September of 2017, Defendant's store manager, Zach Fondren began making sexual comments to Plaintiff. More specifically, Mr. Fondren would pick up tools and compare them to his private body parts and

making comments to Plaintiff that she "should stick it" into her female private parts, "to see how it feels".

12.

The lewd behavior of Mr. Fondren continued causing Plaintiff to report his behavior to her District Manager, Jennifer Epps in or around January of 2018.

13.

In response to the Complaints to the District Manager, Jennifer Epps, Plaintiff was assured that they were dealing with the matter and looking for a replacement for Mr. Fondren.

14.

The harassment continued over the course of the following four (4) months.

15.

On or around April 11, 2018 Mr. Fondren sat in a chair beside Plaintiff's desk playing with a metal brake line. Mr. Fondren continually slammed the brake line on Plaintiff's desk while saying, "my penis is bigger than this", and "you ought to try it".

16.

Following the incident on or around April 11, 2018, Plaintiff told Mr. Fondren that his comments were out of line. Following Plaintiff's communication

to Mr. Fondren, he called the District Manager, Jennifer Epps making false allegations that Plaintiff was yelling at Mr. Fondren in front of a customer.

17.

On or around April 18, 2018, Jennifer Epps held a meeting between herself, Plaintiff and Mr. Fondren. Following the meeting Plaintiff was issued a verbal warning for insubordination and told that she was going to be transferred to another location and shift.

## COUNT ONE – TITLE VII – SEXUAL HARASSMENT

18.

Plaintiff hereby incorporates each and every preceding paragraph as if fully set forth herein.

19.

Plaintiff is a female and, therefore, a member of a protected class under Title VII.

20.

Plaintiff was subject to unwelcome harassment on the basis of her sex by being subjected to sexually explicit comments with her superior to whom she reported. Such behavior was so severed and pervasive that it materially altered the conditions of her employment and created a discriminatorily abusive working

environment.

21.

Defendant acted in bad faith, willfully and wantonly disregarded Plaintiff's rights under Title VII, and acted in reckless disregard for Plaintiff's rights under Title VII.

22

As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation, emotional distress, inconvenience, humiliation, and other indignities.

23.

Plaintiff is entitled to damages including back page and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation and all other relief recoverable under Title VII.

## COUNT TWO – TITLE VII – RETALIATION

24.

Plaintiff hereby incorporates each and every preceding paragraph as if fully set forth herein.

25.

Plaintiff engaged in statutorily protected activity by opposing conduct and

actions made unlawful under Title VII. Plaintiff did this by declining to engage in sexual banter and activity with her Manager Zach Fondren.

26.

Because of her protected activity, Plaintiff was retaliated against by transferring Plaintiff to a different store location and ultimately involuntarily terminating her employment.

27.

The above-pled discriminatory conduct toward Plaintiff constitutes unlawful retaliation against her in violation of Title VII.

28.

Defendant undertook their conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, or additionally, and in the alternative, undertook its conduct recklessly with respect to Plaintiff and federally protected rights, entitling her to recover punitive damages.

29.

As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation, emotional distress, inconvenience, humiliation, and other indignities.

30.

Plaintiff is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a trial by jury and that the following relief be granted:

A,    That the Court take jurisdiction of this matter;

B.    That process be served;

C.    That the Court award Plaintiff back pay and other lost benefits;

D.    That the Court award Plaintiff front pay or other prospective relief;

E.    That the Court award Plaintiff compensatory damages in an amount to be determined by the trier of fact;

F.    That the Court award Plaintiff punitive damages in an amount to be determined by the trier of fact;

G.    That the Court award Plaintiff reasonable attorney's fees and costs of this action;

H.    That the Court grant Plaintiff the right to have a jury trial on all issues; and

I.      That the Court grant such additional relief as the Court deems proper and just.


Respectfully submitted this 22nd   day of January, 2020.


**GARDNER LAW FIRM**


/s/ Seth J. Meyerson
Robert M. Gardner, Jr.
Georgia Bar No. 284640
Seth J. Meyerson
Georgia Bar No. 583918
Attorneys for Plaintiff

Post Office Box 310
Winder, Georgia 30680
Tel: 678.963.5045
Fax: 678.806.4870
Email: rg@gardnerlawfirm.com
        sm@gardnerlawfirm.com

9

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to LR 5.1C, the undersigned counsel hereby certified that the foregoing pleading has been prepared using Times New Roman, 14 point font.

This 22nd  day of January, 2020.

**GARDNER LAW FIRM**

/s/ Seth J. Meyerson
Robert M. Gardner, Jr.
Georgia Bar No. 284640
Seth J. Meyerson
Georgia Bar No. 583918
Attorneys for Plaintiff

Post Office Box 310
Winder, Georgia 30680
Tel: 678.963.5045
Fax: 678.806.4870
Email: rg@gardnerlawfirm.com
        sm@gardnerlawfirm.com